**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3704
_____

JOSEPHINE M. TRIPODI,
                                        Appellant

v.

NORTH COVENTRY TOWNSHIP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:12-cv-04156)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2015

Before:  GREENAWAY, JR., SCIRICA and RENDELL, Circuit Judges

(Opinion filed: October 6, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Josephine M. Tripodi appeals from the order of the District Court granting Defendant's motion to dismiss her complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Because we write primarily for the parties, who are familiar with the history and facts of the case, and because the District Court's August 8, 2013 memorandum opinion contains a detailed account, we will recount the events in summary fashion.

Tripodi owns a residential rental property in North Coventry Township, Pennsylvania ("the Township"). In 2007, the Township conducted an inspection of Tripodi's property. Upon inspection, the Township discovered multiple building and health code violations. As a result, Tripodi was asked to remediate the code violations. In November 2007, after the violations persisted, the Township filed a civil action against Tripodi in the Chester County Court of Common Pleas. In February 2008, the Township filed in that case a motion to enjoin all residential use of the property on grounds that the unabated code violations presented a risk to the safety of its residents.

In April 2008, the Common Pleas Court entered an order memorializing an agreement between the Township and Tripodi which established a schedule for her correction of the code violations. After Tripodi failed to satisfy her obligations under that agreement, the Common Pleas Court entered an order holding Tripodi in contempt of court. On August 26, 2009, following additional litigation in the case, the Common Pleas Court entered final judgment against Tripodi and ordered the sale of the property.

2

In July 2010, Tripodi filed an action in the District Court against the Township.[1]

Counts I, II, III and VII of the complaint alleged violations under Pennsylvania state law.

Counts IV, V, and VI were brought pursuant to 42 U.S.C. § 1983 and allege violations of

rights guaranteed by the United States Constitution.[2] The Township filed a motion to

dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Upon review, the District Court granted the motion. This appeal followed.[3]

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over

the District Court's order dismissing Tripodi's complaint. Jones v. ABN Amro Mortg.

Grp., Inc., 606 F.3d 119, 123 (3d Cir. 2010). To survive a motion to dismiss under Fed.

R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff

---

[1] As the District Court noted, although the Common Pleas Court entered final judgment permitting Tripodi's property to be sold, a sale has not yet occurred.

[2] The complaint presented state law claims for: inverse condemnation (Count I), slander of title (Count II), abuse of process (Count III), and intentional interference with contractual relations (Count VII). The complaint also alleged that the Township deprived Tripodi of her rights pursuant to 42 U.S.C. § 1983 (Count IV) and committed an unlawful taking in violation of the Fifth and Fourteenth Amendments (Counts V and VI).

[3] We note that Tripodi was represented by counsel in proceedings before the District Court. Although Tripodi's attorney continued to represent her during the earlier stages of this appeal (including the time when the parties engaged in mediation), counsel withdrew her representation shortly after she filed an opening brief. Tripodi now proceeds pro se and asks us to strike the Township's brief. The Township in turn moves us to quash Tripodi's reply brief.

must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. We may affirm the judgment of the District Court on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Count IV alleged generally that the Township deprived Tripodi of her "civil rights" under § 1983 by refusing to consider the repairs and improvements that she has made to her property. A "local government may be sued under § 1983 only for acts implementing an official policy, practice or custom." Losch v. Borough of Parkesburg, Pa., 736 F.2d 903, 910 (3d Cir. 1984) (citing Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978)). "Thus, municipal liability attaches only when 'execution of a government's policy or custom . . . inflicts the injury.'" Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (quoting Monell, 436 U.S. at 694).

Even assuming that Tripodi adequately alleged an underlying constitutional violation, we agree with the District Court that she failed to set forth facts from which the Court could infer that the Township violated her rights while acting pursuant to a policy, practice or custom. Indeed, Tripodi failed to plead any facts whatsoever in her complaint suggesting that the Township was liable to her under the principles set forth in Monell. In Tripodi's response to the Township's motion to dismiss, she claimed that the Township's decision to "pursue[] a course of taking the subject property regardless of

4

whether [she] brought it into compliance" constituted a policy or custom. We conclude, however, that such a conclusory statement fails to adequately allege that the Township has adopted and maintained a policy, custom, or practice that resulted in a violation of Tripodi's constitutional rights. See Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (determining that vague assertions of a policy are not sufficient to impose liability under Monell); cf. Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998) (explaining that a complaint must set forth more than "conclusory allegations of concerted action"). As a result, the claim was properly dismissed.[4]

The District Court also correctly dismissed Counts V and VI of the complaint, which alleged that Tripodi's property has been taken "without just compensation" for the public's use in the "Pottstown Gateway Project," the precise nature of which she failed to explain. Although the Fifth Amendment prohibits the taking of private property for public use without just compensation, a plaintiff aggrieved by the enforcement of a municipal zoning ordinance must exhaust all pertinent state procedures before asserting a federal takings claim. See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985) ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."). Tripodi has admittedly not pursued an action through Pennsylvania's

---

[4] Because we affirm the dismissal of Tripodi's claim on these grounds, we need not

5

Eminent Domain Code (or otherwise through the state courts); as a consequence, her claim is not ripe for federal review.[5]

Having dismissed Tripodi's federal claims, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over her state-law claims. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).[6]

Accordingly, we will affirm the judgment of the District Court.[7]

---

consider any of the District Court's additional bases for dismissal.

[5] Tripodi does not set forth any valid reasons in her brief why Pennsylvania's inverse condemnation procedures would be foreclosed to her.

[6] Additionally, we determine that the District Court did not err in dismissing Tripodi's complaint without providing leave to amend. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (holding that leave to amend should be afforded unless it would be inequitable or futile). We agree that it would have been futile for Tripodi to amend her Monell claim; she has given no indication that she can plead anything beyond the conclusory statements that she presented in her response to the motion to dismiss. Indeed, she does not provide any further clarification of her claim in her appellate filings. Likewise, Tripodi does not suggest on appeal that she has now availed herself of Pennsylvania's procedures for obtaining compensation such that she can now state a federal takings claim.

[7] The Township's motion to quash Tripodi's reply brief, and Tripodi's motion to strike the Township's appellate brief, are denied.

6